**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ERIC MUELLER, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>X.AI CORP., d/b/a xAI, a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1332 and 1441, *et seq.,* Defendants SpaceXAI Corp. (f/k/a X.AI Corp.) and SpaceXAI LLC (f/k/a X.AI LLC) (together, "Defendants") hereby remove the above-captioned action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, and in support thereof state as follows:

## I. BACKGROUND

1. On September 4, 2026, Plaintiff Eric Mueller ("Plaintiff"), individually and on behalf of a class of similarly situated individuals, filed a Class Action Complaint & Jury Demand against Defendants in the Circuit Court of Cook County, Illinois, Chancery Division, under Case No. 2026CH08606. A copy of Plaintiff's Complaint is attached hereto as Exhibit A ("Compl.").

2. Plaintiff's Complaint asserts one cause of action against Defendants for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

## II. GROUNDS FOR REMOVAL

3. This action is removable pursuant to 28 U.S.C. §§1441 and 1453 because this Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). At

least one member of the proposed class is a citizen of a State different from at least one Defendant, the proposed class consists of at least 100 members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2), (d)(5)(B), (d)(6).

**A. Diversity of Parties**

4. Plaintiff alleges that he resides in Illinois. Compl.¶ 11. On information and belief, Plaintiff thus is domiciled in Illinois and is a citizen of Illinois for purposes of 28 U.S.C. §1332(d)(2)(A). Plaintiff also seeks to represent a class of "[a]ll individuals whose biometric identifiers or biometric information were captured, collected, received through trade, or otherwise obtained within the state of Illinois through https://grok.com/ during the Class Period." Compl.¶36.

5. Defendant SpaceXAI Corp. is a citizen of Nevada (where it is incorporated) and Texas (where it has its principal place of business). 28 U.S.C. §1332(c)(1). *See* Rule 7.1 and Local Rule 3.2 Disclosure, filed herewith.

6. For CAFA purposes, Defendant SpaceXAI LLC is a citizen of Nevada (as it is organized under Nevada law) and of Texas (where it has its principal place of business). 28 U.S.C. §1332(c)(10). *See* Rule 7.1 and Local Rule 3.2 Disclosure, filed herewith.

7. Accordingly, there is at least minimal diversity between at least one member of the putative class and at least one Defendant. 28 U.S.C. §1332(d)(2)(A).

**B. Number of Class Members**

8. Plaintiff seeks to represent a class of "thousands" of allegedly similarly situated individuals, *see* Compl.¶38, and thus the number of members of all proposed plaintiff classes in the aggregate is more than 100. 28 U.S.C. §1332(d)(5)(B).

### C. Amount in Controversy

9. The amount in controversy exceeds $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2).

10. Plaintiff alleges that "[t]here are thousands of members of the Class." Compl.¶38.

11. Plaintiff asserts violations of BIPA. Compl.¶50. Under BIPA, a prevailing plaintiff may recover liquidated damages of up to $1,000 for a negligent violation or $5,000 for an intentional or reckless violation, or actual damages if greater, as well as reasonable attorneys' fees, costs, and other appropriate relief. 740 ILCS 14/20(a). Plaintiff alleges knowing and willful violations, and seeks statutory damages, attorneys' fees, and injunctive relief. Compl.¶¶53-54, Prayer for Relief.

12. Accepting Plaintiff's allegations solely for purposes of determining the amount in controversy, the Complaint places more than $5,000,000 in controversy. Plaintiff alleges a putative class consisting of "thousands" of individuals and seeks statutory damages of up to $5,000 per person. An aggregate class of 1,001 members seeking $5,000 each would place $5,005,000 in controversy, without considering Plaintiff's additional requests for attorneys' fees and injunctive relief. Accordingly, the amount in controversy satisfies CAFA's jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## III. COMPLIANCE WITH REMOVAL STATUTE

13. This Notice of Removal is timely pursuant to 28 U.S.C. §§1446(b) and 1453(b). Defendant SpaceXAI Corp. was served on September 23, 2026, and Defendant SpaceXAI LLC was served on September 18, 2026. Notice is being filed within the applicable thirty-day removal period. Copies of the summonses and proofs of service are attached as Exhibit B.

14. The Action was commenced in the Circuit Court of Cook County, Illinois, Chancery Division. Therefore, the action may be removed to this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

15. Promptly following the filing of this Notice of Removal, Defendants will provide written notice to all adverse parties and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, Chancery Division, in accordance with 28 U.S.C. §1446(d). A copy of the proposed state-court notice is attached as Exhibit C.

16. By removing this action, Defendants do not waive, and expressly reserve, any rights, claims, defenses, or objections available to them, including without limitation any defenses based on personal jurisdiction, improper forum or venue, arbitration, or failure to state a claim, and any right to seek transfer of this action.

17. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants in the state-court action are attached hereto as Exhibit D as applicable.

Dated: October 16, 2026

Respectfully submitted,

*/s/ Martin L. Roth, P.C.*

Martin L. Roth, P.C., ARDC # 6296464
Brenton A. Rogers, ARDC # 6291926
Alyssa Kalisky, P.C., ARDC # 6312479
Philip M. Cooper, ARDC # 6332573 (*N.D. Ill. application forthcoming*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
rothm@kirkland.com
brogers@kirkland.com
alyssa.kalisky@kirkland.com
philip.cooper@kirkland.com

K. Winn Allen, P.C. (*pro hac forthcoming*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 389-5000
winn.allen@kirkland.com

*Counsel for Defendants*